UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| PAUL MAZZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:04CV00081 AGF |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, DR. GREGORY RAKESTRAW, and DR. BENJAMIN GADDY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the unopposed motion of Defendant Correctional Medical Services (CMS) to dismiss the complaint against it.[1] For the reasons set forth below, this motion shall be granted.

Plaintiff Paul Mazzie, a prisoner at the Northeast Correctional Center (NECC) of the Missouri Department of Corrections, filed this action pro se against CMS and Drs. Gregory Rakestraw and Benjamin Gaddy pursuant to 42 U.S.C. § 1983. CMS is the contract medical service provider at NECC and employs the other named Defendants. The seven-count complaint claims inadequate medical care for Plaintiff's multiple chronic physical conditions. Plaintiff alleges that Drs. Rakestraw and Gaddy were deliberately indifferent to Plaintiff's conditions, thereby subjecting him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Plaintiff further states that he has exhausted all administrative remedies.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff requests injunctive relief ordering Dr. Rakestraw to issue a recommendation for a special mattress; $1,500 in actual damages; $500,000 in compensatory damages for physical and emotional pain and suffering; and $500,000 in punitive damages for wanton and sadistic actions. Plaintiff did not identify CMS as a Defendant in any of the seven counts. CMS filed the present motion to dismiss the complaint as to it, asserting Plaintiff's inability to sue CMS solely in its supervisory capacity as Drs. Rakestraw and Gaddy's employer or contractor.

"Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002); see also Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A pro se complaint is entitled to liberal construction. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[S]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).

In § 1983 actions, a corporation such as CMS can only be held liable for a custom, policy, or action that inflicts injury actionable under § 1983. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporate liability under § 1983); Jolly v. ARA Health Servs., Inc., 2004 WL 2585613, at *1 (8th Cir. 2004) (unpublished per curiam) ("Because there was no evidence of a CMS policy or custom relevant to [Plaintiff's] claims, summary judgment was also proper as to CMS."); Taylor v. Roper, 2003 WL 22955741, at *1 (8th Cir. 2003) (unpublished per curiam) (affirming dismissal of prisoner's § 1983 complaint against CMS where no custom or policy of CMS

was alleged, and CMS's liability was only premised upon it being the employer of another named defendant).

Here, construing the complaint liberally, the Court cannot find a proper legal claim against CMS. In his complaint, Plaintiff does not state a basis for suing CMS and only mentions CMS as a Defendant in the caption of the case. Thus, the Court can only conclude that CMS was being sued based solely upon its status as the other Defendants' employer.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Correctional Medical Services to dismiss the complaint against it is **GRANTED**. [Doc. # 11]

Dated this 23rd day of May, 2005.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE