UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PAUL MAZZIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04CV00081 AGF |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., DR. GREGORY ) | |
| RAKESTRAW, and DR. BENJAMIN ) | |
| GADDY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, Paul Mazzie, is a Missouri inmate who filed this action pro se under 42 U.S.C. § 1983.[1] Plaintiff claims that while he was incarcerated at the Northeast Correctional Center,[2] the above-named prison doctors violated his constitutional rights by failing to provide him with adequate medical treatment for various impairments. On April 11, 2007, Defendants filed a motion for partial summary judgment. In response, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 56(f) [Doc. #74], requesting that the Court deny Defendants' motion for summary judgment or, in the alternative, that the Court grant him an extension of time to respond to Defendants' motion for summary judgment in order to permit him adequate time to conduct discovery

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

[2] Defendant Northeast Correctional Center was dismissed as a party Defendant on May 23, 2005. [Doc. #26]

1

sufficient to oppose Defendants' motion.

"Rule 56(f) allows a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed." Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997)(citing In re Temporomandibular Joint (TMJ) Implants Prod. Liabl. Litig., 113 F.3d 1484, 1490 (8th Cir. 1997)).

Attached to Plaintiff's Rule 56(f) motion is an affidavit from Plaintiff's counsel in which he avers that he needs to retain an expert, verify that the medical records Defendants gave him are complete, and take Defendants' depositions. In response, Defendants state they do not object to Plaintiff having more time to respond to the motion for summary judgment, but object to "overbroad and burdensome discovery." The Court does not find that the retention of an expert, the verification of medical records, and the taking of Defendants' depositions to be overbroad or burdensome discovery requests. See Fed.R.Civ.Proc. 26(b)(1). The Court further notes that since the filing of the Rule 56(f) motion, the parties have filed a joint motion to extend the dates for designating and deposing expert witnesses. As such, the Court grants Plaintiff an extension in which to conduct further discovery and respond to Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 56(f) motion [Doc. #74] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall have until Friday, July 6, 2007, to complete any further discovery pertinent to the summary judgment motion.

Plaintiff shall file his response to Defendants' motion for summary judgment by Friday, July 20, 2007. Defendants shall file any reply by July 30, 2007.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated on this 7th day of May 2007.